**RAINES FELDMAN LITTRELL LLP**
Lauren J. Katunich (State Bar No. 227599)
     *lkatunich@raineslaw.com*
Matthew D. Pate (State Bar No. 317136)
     *mpate@raineslaw.com*
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

Attorneys for Defendants
THE LUBRIZOL CORPORATION, KEVIN OAKLEY
and CHEMTOOL INCORPORATED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TREVINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE LUBRIZOL CORPORATION, a corporation; CHEMTOOL INCORPORATED, a corporation; KEVIN OAKLEY, an individual; PRESTON "DOE NO. 1"; and DOES 2 through 35; inclusive,<br><br>Defendants. | Case No.: 1:23-cv-01005-ADA-CDB<br><br>**DEFENDANTS THE LUBRIZOL CORPORATION, CHEMTOOL INCORPORATED, AND KEVIN OAKLEY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        November 27, 2023<br>Time:        1:30 p.m.<br>Courtroom: 1<br><br>*[Filed concurrently with Declaration of Matthew Pate and Request for Judicial Notice]* |

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

2   **HEREIN:**

3       **NOTICE IS HEREBY GIVEN** that on  November 27, 2023, at 1:30

4   p.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the

5   above-entitled Court, located at United States District Courthouse, 2500 Tulare

6   Street, Fresno, CA, THE LUBRIZOL CORPORATION,  CHEMTOOL

7   INCORPORATED, and KEVIN OAKLEY (hereinafter collectively

8   "Defendants") will and hereby do move for judgment on the pleadings

9   ("Motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure with

10  respect to Plaintiff's Eighth Cause of Action for Intentional Infliction of

11  Emotional Distress.

12      This Motion is based on this notice of motion, the Memorandum of Points

13  and Authorities, the Declaration of Matthew D. Pate, the Reply (if any), the

14  Court's records and files, and upon such other evidence or argument as may be

15  presented at the time of the hearing.  Defendants' counsel met and conferred with

16  Plaintiff's counsel prior to filing the instant Motion, but the Parties were unable

17  to reach agreement on the issues raised herein.  Declaration of Matthew Pate, ¶ 4.

18

19                                  Respectfully submitted,

20  Dated:  October 24, 2023        RAINES FELDMAN LITTRELL LLP

21

22                                  By:  _/s/ Matthew Pate_____
                                        Lauren J. Katunich
23                                      Matthew Pate
                                        Attorneys for Defendants
24                                      THE LUBRIZOL
                                        CORPORATION, KEVIN
25                                      OAKLEY and CHEMTOOL
                                        INCORPORATED
26

27

28

                                    1
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

I.     INTRODUCTION ................................................................ 1

II.    STATEMENT OF FACTS ...................................................... 3

III.   APPLICABLE LAW ............................................................ 4

    A.    Standard for Rule 12(c) Motions .................................... 4

    B.    Rule 8(a) and Applicable Precedent Require More than
           "Labels and Conclusions" to Survive a Pleading Challenge ........ 5

IV.    LEGAL ARGUMENT ........................................................... 6

    A.    Plaintiff Must Plead Facts Establishing Absolutely Egregious
           and Unfathomably Offensive Conduct Directly Intended to
           Cause Him Injury ................................................... 7

         1.    Workers' Compensation Exclusivity Precludes IIED
              Claims Premised on Retaliation Motivated by
              Whistleblower Activity ...................................... 7

         2.    Plaintiff's IIED Claim Is Barred by the Workers'
              Compensation Exclusivity Doctrine Where Premised
              on Whistleblower Retaliation ............................... 9

         3.    Plaintiff Must Allege Particularly Egregious Conduct;
              Merely Alleging a Discriminatory or Retaliatory
              Employment Decision Is Insufficient .......................10

         4.    Plaintiff's Complaint Does Not Set Forth Any Extreme
              and Outrageous Conduct Relating to Alleged
              Violations of FEHA .........................................12

    B.    Plaintiff Must Also Plead Specific Facts, Not Merely
           Symptoms and Conditions, Establishing His Severe
            Emotional Distress .................................................14

         1.    Plaintiff's Generic Allegations of Symptoms of

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Emotional Distress Are Inadequate to Plead an IIED

Claim ...................................................................................14

   C.     Plaintiff Should Not Be Granted Leave to Amend .....................15

V.    CONCLUSION .......................................................................................17

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Bartalini v. Blockbuster Ent., Inc.*,
  1999 WL 1012383 (N.D. Cal. Nov. 8, 1999, No. C-98-03943
  SC) ................................................................................................ 12, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................ 4

*Bock v. Hansen*,
  225 Cal.App.4th 215 (2014) ................................................................ 7

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012) ............................................................. 4

*Christensen v. Sup. Ct.*,
  54 Cal.3d 868 (1991) ........................................................................... 6

*Coleman v. Republic Indemnity Ins. Co.*,
  132 Cal.App.4th 403 (2005) ................................................................ 7

*Fajardo v. County of Los Angeles*,
  179 F.3d 698 (9th Cir. 1999) ............................................................... 5

*Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*,
  2012 WL 1601659 (E.D. Cal., May 7, 2012, No. CV F 11-1590
  LJO DLB) ........................................................................................... 5

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ............................................................. 5

*Haley v. Cohen & Steers Cap. Mgmt., Inc.*,
  871 F. Supp. 2d 944 (N.D. Cal. 2012) ............................................... 11

*Hughes v. Pair*,
  46 Cal.4th 1035 (2009) ................................................................ *passim*

*Janken v. GM Hughes Electronics*,
  46 Cal.App.4th 55 (1996) ............................................................. 10, 13

*Johnson v. Buckley*,
  356 F.3d 1067 (9th Cir. 2004) ........................................................... 15

*Juntilla v. Aurora Loan Services, LLC*,
  2013 WL 1303820 (C.D. Cal., Mar. 28, 2013, No. CV 11-08201
  DDP PJWX) ........................................................................................ 5

*Kasperzyk v. Shetler Sec. Servs., Inc.*,
  No. C-13-3358 ................................................................................... 12

iii

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*King v. AC & R Advert.*,
 65 F.3d 764 (9th Cir.1995) .................................................................. 13

*Kobren v. Total Terminals Int'l, LLC*,
 2021 WL 2376918 (C.D. Cal. Jan. 19, 2021, No. CV 19-9189-
 GW-GJSX) ............................................................................................ 11

*Landucci v. State Farm Ins. Co.*,
 65 F. Supp. 3d 694 (N.D. Cal. 2014) .................................................. 14

*Light v. Dep't of Parks & Recreation*,
 14 Cal.App.5th 75 (2017) ................................................... 10, 11, 13

*McCoy v. Pac. Mar. Ass'n*,
 216 Cal.App.4th 283 (2013) ................................................................ 7

*McInteer v. Ashley Distribution Servs., Ltd.*,
 40 F. Supp. 3d 1269 (C.D. Cal. 2014) .................................................. 8

*McKenna v. Permanente Med. Grp., Inc.*,
 894 F. Supp. 2d 1258 (E.D. Cal. 2012) ........................................ 14, 15

*Miklosy v. Regents of Univ. of California*,
 44 Cal.4th 876 (2008) .......................................................... 1, 7, 8, 9

*Mintz v. Blue Cross of Cal.*,
 172 Cal.App.4th 1594 (2009) ............................................................... 7

*Rangel v. Bridgestone Retail Operations, LLC*,
 200 F. Supp. 3d 1024 (C.D. Cal. 2016) ................................................ 8

*Rezvan v. Philips Elecs. N. Am. Corp.*,
 2016 WL 8193160 (N.D. Cal. Dec. 15, 2016, No. 15-CV-04767-
 HSG) ..................................................................................................... 11

*Ricard v. Pacific Indemnity*,
 132 Cal.App.3d 886 (1982) .................................................................. 7

*Saba v. Unisys Corp.*,
 114 F. Supp. 3d 974 (N.D. Cal. 2015), aff'd, 669 F. App'x 372
 (9th Cir. 2016) ....................................................................................... 8

*Zolensky v. Am. Medflight, Inc.*,
 2017 WL 1133926 (E.D. Cal. Mar. 27, 2017, No.
 216CV00788KJMKJN) ......................................................................... 8

**Other Authorities**

Federal Rules of Civil Procedure, Rule 12(c) .......................... 4, 5, 15, 17

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    <u>INTRODUCTION</u>**

3        Plaintiff Vincent Trevino ("Plaintiff") fails to allege, nor can he truthfully

4    allege, facts sufficient to support his Eighth Cause of Action for Intentional

5    Infliction of Emotional Distress ("IIED").  Plaintiff bases his IIED claim on two

6    sets of events: (1) alleged counseling discussions the individual defendants had

7    with him after he purportedly made a safety complaint, and (2) Defendants

8    Chemtool Incorporated ("Chemtool"), The Lubrizol Corporation ("Lubrizol"),

9    Preston "DOE NO. 1" ("Preston"), and Kevin Oakley's ("Oakley") allegedly

10    retaliatory efforts to prevent Plaintiff from returning to work from a leave of

11    absence and subsequent termination.  Plaintiff's allegations do not rise to the

12    level of IIED because whistleblower retaliation cannot support an IIED claim

13    under the Workers' Compensation exclusivity doctrine and the other allegations

14    of discriminatory and retaliatory conduct based on Plaintiff's disability do not

15    constitute extreme or outrageous conduct as a matter of law.

16        IIED claims cannot be premised on routine managerial decisions, even

17    when made in violation of California's whistleblower protections.  The

18    California Supreme Court explicitly held this in *Miklosy v. Regents of University*

19    *of California*:

20    > The alleged wrongful conduct [wrongful termination
21    > and whistleblower retaliation], however, occurred at the
22    > worksite, in the normal course of the employer-
23    > employee relationship, and therefore workers'
24    > compensation is plaintiffs' exclusive remedy for any
25    > injury that may have resulted…The kinds of conduct at
26    > issue (e.g., discipline or criticism) are a normal part of
27    > the employment relationship. Even if such conduct may
28    > be characterized as intentional, unfair or outrageous, it
29    > is nevertheless covered by the workers' compensation
30    > exclusivity provisions.

26    *Miklosy v. Regents of Univ. of California,* 44 Cal. 4th 876, 902-03 (2008).

27        The *Miklosy* court determined that IIED claims were not available to

28    employees complaining of whistleblower retaliation for making safety

1

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

complaints.  Plaintiff's claim involves nearly identical factual circumstances as he too alleges that he complained of a safety issue and then was disciplined and terminated for his complaints.  Any alleged retaliation occurring prior to Plaintiff's alleged disability and leave cannot be used to support his IIED claim as a matter of settled law.  Thus, Plaintiff's Complaint must contain allegations of extreme or outrageous conduct related to FEHA disability discrimination and retaliation in order for his IIED claim to survive.  It does not.

Plaintiff's last day of work with Defendants was November 4, 2021; the day he was injured and went on leave.  Plaintiff described Oakley as "nonchalant[]" in the conversation with him that day about leaving to seek treatment.  Not yelling.  Not cursing.  Not name calling.  Nothing more than just "nonchalant[.]"  Indeed, yelling, cursing and name calling would be completely inconsistent with his allegation of "nonchalan[ce.]"  Plaintiff does not allege any further interaction with Oakley, Preston, or any other employee after that November 4, 2021, conversation through his termination a year later.  IIED requires more.

IIED claims must be based on conduct so offensive it shocks the conscience.  Actions so terrible as to be completely outside what society tolerates, exceedingly repugnant and despicable behavior.  Plaintiff does not allege that he was called racial slurs, subjected to physical or verbal aggression, humiliated in front of coworkers, severely harassed—or even harassed *at all*— because of his disability, or any of the other grotesque conduct that has been held to form the basis of an IIED claim in the employment context before.  Rather, Plaintiff alleges he was not allowed to return to work from leave and was terminated.  A potential violation of FEHA is not enough.  Plaintiff must show that the conduct attendant to that alleged violation of FEHA was *extreme* and *outrageous*.  Plaintiff's Complaint contains no specific factual allegations that meet the high standard for IIED in the employment context.

2

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1    Plaintiff has failed to allege specific facts sufficient to support a claim of

2    IIED.  He cannot salvage his claim by adding new facts as they would be

3    inconsistent with his own story and, frankly, the truth.  Defendants' Motion for

4    Judgment on the Pleadings should be granted and Plaintiff's IIED claim should

5    be dismissed without leave to amend.

6    **II.    STATEMENT OF FACTS**

7    Plaintiff was an employee of Chemtool working in its Tehachapi,

8    California chemical plant.  Plaintiff was a "Lab Technician."  (Complaint, Dkt.

9    #1-2, ¶15.)  Plaintiff alleges that he reported a safety concern to Randy Stephani,

10    a safety officer with the company in August 2021.  (Dkt. #1-2, ¶ 18).  Plaintiff

11    alleges that Mr. Stephani's response was to be "stern with Plaintiff, insisting that

12    lithium was not in the air."  *Id.*  Plaintiff does not provide any other details in the

13    Complaint with respect to adverse treatment as a result of his alleged complaint

14    about lithium.  Plaintiff does not indicate in his factual allegations that he

15    reported his concern about lithium to Oakley or Preston nor that Oakley or

16    Preston learned of his complaint and engaged in any retaliatory action at the

17    time.

18    Plaintiff pleads that on November 4, 2021, he "inhaled a caustic substance

19    or fume at work that has caused him *significant personal injuries*."  *Id.*, ¶ 19

20    (emphasis added).  He alleges he started coughing and "reported the incident to

21    his supervisor, Kevin Oakley, who took no action whatsoever to assist

22    Plaintiff[.]"  *Id.*  When Plaintiff asked to go to the hospital, Plaintiff alleges that

23    "Mr. Oakley responded nonchalantly, 'you can do what you want to do.'"  *Id.*

24    Plaintiff further alleges Oakley did not provide him with Workers'

25    Compensation paperwork or take action to ensure Plaintiff received medical

26    assistance.[1]  *Id.*  Plaintiff's only other allegations are generic contentions that

27

28    [1]Despite this representation, Plaintiff filed a Workers' Compensation case, Case No.
ADJ15496131, regarding the alleged injury less than a month later.

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1   Oakley, Preston, and Mr. Stephani "actively retaliated against Plaintiff by

2   working to ensure he would not return to work" and "sought to cover-up

3   Plaintiff's complaints of unsafe working conditions and actively retaliated

4   against Plaintiff for making complaints[.]" *Id.*, ¶¶ 22, 26.

5       Plaintiff alleges that his voice was permanently impaired and required

6   surgical intervention. *Id.*, ¶ 21. Plaintiff testified that he has essentially lost the

7   ability to speak entirely. (Request for Judicial Notice, Ex. 2; Declaration of

8   Negar Matian ("Matian Decl."), ¶ 3, Exh. B, p. 28:7-21.) Plaintiff also alleges,

9   without any specificity as to date or needed accommodations, that he was

10  "released back to work with limited restrictions." (Dkt. #1-2, ¶ 22.)

11      Plaintiff does not mention any other specific acts he contends were

12  retaliatory. Plaintiff's only other allegations are boilerplate recitations of the

13  elements of an IIED claim, including that he suffered "humiliation, stress,

14  anxiety, embarrassment, nervousness, tension, depression, loss of self confidence

15  and self-esteem[.]" (Dkt. #1-2, ¶¶ 78-84.)

16  **III.  APPLICABLE LAW**

17      **A.  Standard for Rule 12(c) Motions**

18      Defendants move for judgment on the pleadings pursuant to Federal Rules

19  of Civil Procedure, Rule 12(c). The determination of Rule 12(c) motions for

20  judgment on the pleadings is "substantially identical to [the] analysis under Rule

21  12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal

22  quotation marks and citation omitted). In both motions, "a court must determine

23  whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a

24  legal remedy." *Id.* (quoting *Brooks v. Dunlop Mfg. Inc.*, No. 10-cv-04341-CRB,

25  2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)). Plaintiffs must demonstrate

26  their right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

27  U.S. 544, 555 (2007) (citation omitted). "A judgment on the pleadings is

28  properly granted when, taking all the allegations in the non-moving party's

4

pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999) (citation omitted).

### B.    Rule 8(a) and Applicable Precedent Require More than "Labels and Conclusions" to Survive a Pleading Challenge

A well-pleaded complaint "must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.* (E.D. Cal., May 7, 2012, No. CV F 11-1590 LJO DLB) 2012 WL 1601659, at \*3–4 (internal citations and marks omitted). "Rule (8)(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 550, 556, Fn. 3 (2007)).

Moreover, while the court must "accept as true all allegations of material fact" in considering a Rule 12(c) motion, "[c]onclusory allegations or allegations that are no more than a statement of a legal conclusion are not entitled to the assumption of truth." *Juntilla v. Aurora Loan Services, LLC*, 2013 WL 1303820, at \*2 (C.D. Cal., Mar. 28, 2013, No. CV 11-08201 DDP PJWX) (internal quotation marks omitted). "In other words, a pleading that merely offers 'labels and conclusions,' a 'formulaic recitation of the elements,' or 'naked assertions' will not be sufficient to state a claim upon which relief can be granted." *Id.* Further, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## IV.    <u>LEGAL ARGUMENT</u>

Plaintiff's Complaint must, but does not, allege facts sufficient to meet the elements of an IIED claim in order to survive this Motion.  At no point does Plaintiff allege any conduct by Defendants that would meet the standard for *extreme* and *outrageous* conduct, nor does he plead any specific facts sufficient to establish severe and extreme emotional distress.  *Christensen v. Sup. Ct.*, 54 Cal.3d 868, 905 (1991) ("In concluding that recovery was not available under an intentional infliction of emotional distress theory, we noted that to the extent such recovery had been allowed, it has been limited to 'the most extreme cases of violent attack, where there is some especial likelihood of fright or shock.'")

Plaintiff cannot meet the high bar California has set for establishing a claim for IIED, particularly in the employment context.  Plaintiff must plead "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'"  *Hughes v. Pair*, 46 Cal.4th 1035, 1050–51 (2009) ("*Hughes*").

Plaintiff's IIED claim fails for at least two reasons.  First, Plaintiff's Complaint fails to set forth allegations that can meet the threshold for severe and outrageous conduct by Defendants since his whistleblower retaliation claims are barred by Workers' Compensation exclusivity and his FEHA-based claims allege mere personnel actions that do not meet the standard as a matter of law.  Second, Plaintiff's boilerplate allegations of emotional distress do not provide the necessary factual specificity and are insufficient to plead severe emotional distress.

Moreover, Plaintiff should not be given leave to amend because the factual underpinnings of his claims—that he became injured and immediately began a leave of absence that continued through his termination—preclude Plaintiff from

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

alleging any of the types of conduct that would rise to the level of IIED.  Any amendment to support his IIED claim would be in bad faith and futile.

### A.    Plaintiff Must Plead Facts Establishing Absolutely Egregious and Unfathomably Offensive Conduct Directly Intended to Cause Him Injury

A defendant's conduct is "outrageous" only when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* "Ordinary rude or insulting behavior is not enough." *McCoy v. Pac. Mar. Ass'n*, 216 Cal. App. 4th 283, 295 (2013).  Conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Id.*  California courts have routinely dismissed IIED cases on demurrer, concluding that the facts alleged do not amount to outrageous conduct as a matter of law.  *See, e.g., Bock v. Hansen*, 225 Cal. App.4th 215, 233-35 (2014); *Mintz v. Blue Cross of Cal.*, 172 Cal.App.4th 1594, 1608–09 (2009); *Coleman v. Republic Indemnity Ins. Co.*, 132 Cal.App.4th 403 (2005); *Ricard v. Pacific Indemnity*, 132 Cal.App.3d 886, 895 (1982).

### 1.    Workers' Compensation Exclusivity Precludes IIED Claims Premised on Retaliation Motivated by Whistleblower Activity

The *Miklosy* decision discussed above is dispositive of Plaintiff's IIED claims where premised on Defendants' alleged conduct arising from Plaintiff's purported safety complaint.  To be clear, this argument does not respect Plaintiff's IIED claim premised on retaliation under FEHA, which is addressed below, and the Court should not credit Plaintiff's attempts[2] to group his

---

[2] Notably, Plaintiff's Reply (Dkt. #14) in support of his Motion to Remand repeatedly mischaracterizes the ruling in *Miklosy* to mislead the Court.  Plaintiff not only includes an incomplete quotation of a different case (without noting the cited case), but tells the Court the quote represents the holding in *Miklosy* when that quote is **directly contradicted** in the next paragraph of the decision and was explicitly held not to apply to IIED and Workers' Compensation exclusivity.  Plaintiff goes on to repeatedly mischaracterize the plain meaning of *Miklosy* and cites to inapposite cases not involving IIED arising from whistleblower

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

whistleblower retaliation claim with his disability retaliation claim for purposes of Workers' Compensation exclusivity.[3]    An IIED claim premised on retaliation arising from a safety complaint must fail:

> Like plaintiffs here [that allege whistleblower retaliation and wrongful termination], the plaintiff in *Shoemaker* alleged whistleblower retaliation and also a *Tameny* cause of action, and although he incorporated these allegations as part of his claim of intentional infliction of emotional distress, we held workers' compensation to be his exclusive remedy and affirmed the trial court's dismissal of that cause of action.

*Miklosy*, 44 Cal. 4th at 903; *accord Saba v. Unisys Corp.*, 114 F. Supp. 3d 974, 984 (N.D. Cal. 2015), aff'd, 669 F. App'x 372 (9th Cir. 2016) ("Saba's claims are identical to those in *Miklosy*. … A public policy exception does not prevent his IIED claim from being barred by workers' compensation exclusivity."); *see also Zolensky v. Am. Medflight, Inc.*, No. 216CV00788KJMKJN, 2017 WL 1133926, at *7 (E.D. Cal. Mar. 27, 2017) ("In *Miklosy*, the California Supreme Court reaffirmed that whistleblower retaliation remains a risk inherent in the employment relationship. The Court looked to *Shoemaker*, and reaffirmed that a whistleblower retaliation claim may not be asserted as an IIED claim due to the Workers' Compensation Act's exclusivity provisions."); *see also McInteer v. Ashley Distribution Servs., Ltd.*, 40 F. Supp. 3d 1269, 1294–95 (C.D. Cal. 2014) ("The IIED claim is entirely premised on Defendants' actions leading up to and including Plaintiff's termination. … [A]n intentional infliction of emotional distress claim premised on termination is preempted.").

---

retaliation to attempt to lead the Court to the conclusion that Workers' Compensation exclusivity does not apply to whistleblower retaliation. Whether Plaintiff's counsel knowingly misled the Court is for them to explain, but it is abundantly clear that *Miklosy*—read in its entirety and not in the excerpts strategically plucked and misquoted from the decision—holds that whistleblower retaliation is covered by Workers' Compensation exclusivity.

[3] However, Defendants do not concede that Workers' Compensation exclusivity does not apply to IIED claims arising from FEHA violations as courts have held that discriminatory and retaliatory terminations cannot give rise to IIED due to the exclusivity rule.  *See Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016).

8

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3

## 2. Plaintiff's IIED Claim Is Barred by the Workers' Compensation Exclusivity Doctrine Where Premised on Whistleblower Retaliation

4    Plaintiff's IIED claim is categorically barred with respect to his allegations

5  that he suffered severe emotional distress as a result of Defendants' retaliating

6  against him for making a protected safety complaint. The *Miklosy* decision is not

7  in dispute in this regard. Per the California Supreme Court in *Mikosy*, and its

8  progeny, an employee who makes a safety complaint and subsequently

9  experiences retaliatory discipline and wrongful termination are precluded from

10  pursuing an IIED claim due to Workers' Compensation exclusivity.

11    Plaintiff plainly bases his IIED claim on whistleblower retaliation.

12  Plaintiff alleges that he complained about a safety issue respecting lithium

13  exposure in Defendants' workplace in or about August 2021. (Dkt. #1-2, ¶ 18.)

14  He further alleges that Randy Stephani did not take action in response to

15  Plaintiff's safety complaint and was "stern" with him. (*Id.*) Plaintiff then alleges

16  that "Defendants subjected PLAINTIFF to discrimination and retaliation on the

17  bases of … PLAINTIFF's reports of unsafe working conditions." (*Id.*, ¶ 25.)

18  Finally, Plaintiff states under his IIED cause of action that "Defendants' conduct

19  of retaliating against PLAINTIFF by wrongfully terminating PLAINTIFF in

20  violation of public policy based on … complaining of illegal, unsafe working

21  conditions has caused PLAINTIFF to suffer from severe emotional distress and

22  mental anguish." (Dkt. #1-2, ¶ 79.)

23    Plaintiff cannot sustain an IIED claim based on the above factual

24  allegations as they are all precluded by the Workers' Compensation exclusivity

25  rule. Moreover, as raised in Plaintiff's Motion to Remand and related Reply,

26  Plaintiff cannot use his new allegations that Oakley and Preston retaliated against

27  Plaintiff for his safety complaint prior to his November 4, 2021 leave of absence

28  to support an IIED claim for the same reasons. Plaintiff's Complaint must

9

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

therefore set forth allegations of extreme and outrageous conduct arising on or after November 4, 2021, when Plaintiff allegedly became disabled, for the IIED claim to survive. Plaintiff cannot credibly do so.

3. **Plaintiff Must Allege Particularly Egregious Conduct; Merely Alleging a Discriminatory or Retaliatory Employment Decision Is Insufficient**

Turning to Plaintiff's FEHA-based factual allegations, while California courts sometimes choose not to apply Workers' Compensation exclusivity to IIED claims premised on violations of FEHA, it is still necessary for a plaintiff-employee to plead conduct exceeding an employment decision arising from improper motivations in order to meet the elements of an IIED claim. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996). "A retaliatory motive alone is insufficient to sustain a claim for intentional infliction of emotional distress." *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101–02 (2017).

The decision in *Light* provides a prime example of the types of retaliatory conduct that cannot, as a matter of law, be considered extreme or outrageous:

> Even viewed most favorably to Light, the evidence shows [supervisor] Dolinar's conduct was not extreme, outrageous, or beyond the bounds of what we tolerate as a civilized community. [citation] Light points to evidence that Dolinar refused to listen to Light's complaints about retaliation, organized the anti-Hurley counseling session after the gun scope incident, encouraged Seals's efforts to silence Light, awarded Seals a commendation after the February 23 incident, and participated in the Department's retaliation against Light (including denying promised training and shifting Light's work location). Even crediting this evidence, we conclude Dolinar's actions were not extreme or outrageous as a matter of law. While a reasonable trier

10

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4

> of fact could conclude Dolinar acted improperly, and likely contributed to the Department's violation of FEHA's anti-retaliation provision, her actions are common—though ultimately misguided—supervisory actions.

5

*Light*, 14 Cal. App. 5th at 102.  The conduct the *Light* court found created a

6

triable issue of fact as to IIED was much more severe, including physical attacks:

7
8
9

> As to Seals, a reasonable trier of fact could find she ostracized Light in the workplace, encouraged Light to lie to investigators, pursued Light at home and in the office to determine whether Light did so, and **verbally and physically attacked Light** after Light disobeyed.

10

*Id.* (emphasis added).

11          Numerous courts have come to similar conclusions that only egregious

12 conduct directed at a plaintiff, and not mere discriminatory personnel decisions,

13 can give rise to IIED claims.  *Hughes v. Pair*, 46 Cal. 4th 1035, 1040, 209 P.3d

14 963, 969 (2009) (holding that the comment "I'll get you on your knees

15 eventually.  I'm going to fuck you one way or another[]" and similar sexually

16 explicit comments were not extreme or outrageous for purposes of an IIED

17 claim); *Kobren v. Total Terminals Int'l, LLC*, No. CV 19-9189-GW-GJSX, 2021

18 WL 2376918, at *10 (C.D. Cal. Jan. 19, 2021) ("the Court would agree that

19 Defendant's actions here in releasing Plaintiff from her position as a steady

20 foreman does not rise to the level of 'extreme and outrageous conduct' required

21 for an IIED."); *see also Haley v. Cohen & Steers Cap. Mgmt., Inc.*, 871 F. Supp.

22 2d 944, 960 (N.D. Cal. 2012) ("numerous instances of alleged sexual threats and

23 insults in the workplace context have been held to fall short of the level of

24 'outrageous' required to satisfy an IIED claim."); *Rezvan v. Philips Elecs. N. Am.

25 Corp.*, No. 15-CV-04767-HSG, 2016 WL 8193160, at *10 (N.D. Cal. Dec. 15,

26 2016) ("there are no 'extraordinary circumstances' present here, and therefore,

27 Plaintiff's IIED claim, which arises out of alleged disability discrimination in the

28 handling of personnel decisions, cannot survive summary judgment.).

11

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1    "At least in the absence of some extraordinary circumstances, a claim of

2    employment discrimination does not, in itself, give rise to an IIED claim."

3    *Kasperzyk v. Shetler Sec. Servs., Inc.*, No. C-13-3358 EMC/TEH, 2015 WL

4    1348503, at *12 (N.D. Cal. Mar. 25, 2015).  IIED is reserved for those situations

5    where despicable language and conduct is pled:

6            Even if Bartalini could show that he was terminated due
         to his sexual orientation, courts have generally refused
7            to extend liability for emotional distress to terminations
         based upon discriminatory motives unless accompanied
8            by aggravating factors, such as racial or ethnic slurs.

9

10   *Bartalini v. Blockbuster Ent., Inc.*, No. C-98-03943 SC, 1999 WL 1012383, at

11   *10 (N.D. Cal. Nov. 8, 1999) (citing *King v. AC & R Advert.*, 65 F.3d 764, 770

12   (9th Cir.1995)).

13       Plaintiff's Complaint must contain specific factual allegations that show

14   Defendants engaged in grotesque conduct directed at him to intentionally cause

15   severe emotional distress.  The extreme and outrageous standard is not met by

16   mere allegations of discriminatory or retaliatory discipline, failure to return

17   Plaintiff from leave, or wrongful termination.

18       **4.    Plaintiff's Complaint Does Not Set Forth Any Extreme**

19           **and Outrageous Conduct Relating to Alleged Violations of**

20           **FEHA**

21       Plaintiff's Complaint is limited by the factual reality of his disability,

22   leave, and termination such that he cannot allege extreme and outrageous

23   conduct by Defendants.  Plaintiff was allegedly injured by exposure to chemicals

24   on November 4, 2021.  He immediately sought medical attention and took a

25   leave of absence.  That leave of absence lasted until November 4, 2022, when he

26   was terminated.  Plaintiff does not allege, nor can he allege, any conduct by

27   Defendants during the period of his leave that would establish the types of slurs,

28   physical attacks, etc. that would be needed to establish the requisite extreme and

                                            12

outrageous conduct. He wasn't at the worksite to experience that conduct. Instead, Plaintiff's IIED claim rests solely on the fact that he was allegedly disabled, went on a leave of absence, purportedly was denied a return from his leave of absence, and was terminated a year after going on leave. It is apparent that Plaintiff has only routine personnel decisions, even if discriminatory or retaliatory per his Complaint, as the foundation of his IIED claim. The law requires more.

As set forth above, numerous cases have considered IIED claims in the context of employees' claims of discrimination, harassment, and retaliation. Those cases uniformly find that merely disciplining, refusing to promote, terminating, and otherwise taking personnel actions, even when motivated by discriminatory or retaliatory intent, are insufficient to show an IIED claim as a matter of law. *See Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996); *see also Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101–02 (2017). IIED requires conduct that exceeds those normal employment activities.

Plaintiff would have to plead facts relating to extreme conduct like deplorable slurs (*Bartalini* and *King*), physical attacks (*Light*), or rampant sexual abuse (*Hughes*) to establish his IIED claim. But Plaintiff's only allegation of disability-related conduct in this respect is that Oakley "nonchalantly" responded to Plaintiff's request to seek medical attention on November 4, 2021, by saying, "you can do what you want to do." (Dkt. #1-2, ¶ 20.) The Complaint contains no other allegations that Plaintiff was subjected to despicable conduct based on his disability or request for leave and other accommodations. He only alleges that Defendants did not return him to work and terminated him. In the absence of any allegations establishing Defendants' use of racial slurs, physical attacks, rampant abuse, etc., Plaintiff's IIED claim must fail as a matter of law.

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1

2

**B.    Plaintiff Must Also Plead Specific Facts, Not Merely Symptoms and Conditions, Establishing His Severe Emotional Distress**

3    Plaintiff's experience of "severe or extreme emotional distress" must be

4    pled with heightened particularity as mere allegations—like Plaintiff's in

5    Paragraphs 78-82 of the Complaint—of "severe emotional distress," "mental

6    anguish," "worry," "discomfort," and "anxiety" are insufficient to establish a

7    claim for IIED. *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258,

8    1274–75 (E.D. Cal. 2012). The *McKenna* court detailed how boilerplate

9    allegations of conditions typical of emotional distress are insufficient:

10    

11    

12    

13

> The IIED claim makes sweeping references to 'anguish, embarrassment, anxiety, nervousness, humiliation, worry ... and shame' with no facts to support such symptoms or conditions. Ms. McKenna fails to offer meaningful support for the IIED claim to warrant the claim's dismissal.

14    *Id.* The *Hughes* court, *supra*, sheds further light on the detailed allegations

15    required to establish severe emotional distress:

16    

17    

18    

19

> [P]laintiff's assertions that she has suffered discomfort, worry, anxiety, upset stomach, concern, and agitation as the result of defendant's comments … do not comprise 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.

20    *Hughes*, 46 Cal.4th at 1051; *accord Landucci v. State Farm Ins. Co.*, 65 F. Supp.

21    3d 694, 711-12 (N.D. Cal. 2014) (collecting cases establishing specificity of

22    factual showing necessary to support claim of severe emotional distress).

23    Plaintiff must detail the "nature and extent" of his emotional distress in order to

24    sufficiently plead severe emotional distress. *Id.*

25    

26

**1.    Plaintiff's Generic Allegations of Symptoms of Emotional Distress Are Inadequate to Plead an IIED Claim**

27    Plaintiff's Complaint sets forth the exact same symptoms that courts hold

28    does not meet the specificity required to plead an IIED claim or satisfy the

14

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1  standard of "severe" emotional distress.  Plaintiff makes only boilerplate claims

2  to have suffered "severe emotional distress and mental anguish," "humiliation,

3  stress, anxiety, embarrassment, nervousness, tension, depression, loss of self

4  confidence and self-esteem."  (Dkt. #1-2, ¶¶ 78-82.)

5       Just as in *Hughes* and *McKenna*, Plaintiff makes no effort to substantiate

6  his broad claims of emotional distress symptoms with any specific facts

7  establishing those symptoms and conditions.  Plaintiff does not detail the

8  frequency, duration, or actual effects of the laundry list of symptoms and

9  conditions of emotional distress alleged in Paragraph 81 of the Complaint.

10 Plaintiff must set forth actual facts going to his experience of emotional distress,

11 not just bare recitations of broad categories of symptoms.  Moreover, even if

12 Plaintiff's generic list of symptoms was considered detailed enough, the *Hughes*

13 court makes clear that the symptoms Plaintiff lists are insufficient to meet the

14 high standard of "severe emotional distress" necessary for an IIED claim.

15 *Hughes*, 46 Cal.4th at 1051.

16      Since Plaintiff does not detail the nature and extent of his emotional

17 distress and only alleges boilerplate symptoms that are insufficient to be

18 considered "severe," his IIED claim fails.

19      **C.    Plaintiff Should Not Be Granted Leave to Amend**

20      Plaintiff has delineated the factual scope of his claims in such a way that

21 he is foreclosed from amending to cure the defects identified by Defendants.

22 Generally, amendment is liberally permitted, but not when amendment would be

23 futile and a violation of Rule 11.  Such amendments are considered shams and

24 are disallowed.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

25      Courts consider five factors when assessing whether provide leave to

26 amend: bad faith, undue delay, prejudice to the opposing party, futility of

27 amendment, and whether the plaintiff has previously amended the complaint.  *Id*.

28

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1   Plaintiff should not be allowed to amend to add allegations because any
2   amendment would be in bad faith and futile.

3          Here, Defendants have established that whistleblower retaliation cannot
4   form the basis of Plaintiff's IIED claim.  This means that all wrongful conduct
5   Plaintiff alleges occurred before November 4, 2021, or that otherwise is
6   connected to his purported safety complaint, would be futile and added to the
7   Complaint in bad faith.  So even if Plaintiff inserted the factual allegations of
8   improper discipline occurring after his safety complaint but before his leave that
9   were raised in the Motion to Remand, Plaintiff still would have added no facts
10  that could support his IIED claim.  They would be barred by Workers'
11  Compensation exclusivity.

12         Plaintiff likewise understands that he cannot add any additional allegations
13  occurring after November 4, 2021, when he allegedly became disabled and took
14  leave through his termination, to support his IIED claim because they are
15  factually inconsistent.  Plaintiff was not working and therefore was not at the
16  worksite to experience any additional conduct by Defendants.  Though not part
17  of the Complaint, Plaintiff also does not rebut nor dispute in his Motion to
18  Remand papers that his leave was managed by a third-party administrator, The
19  Hartford.  (Dkt. #9, 14.)  It simply isn't possible for Plaintiff to truthfully allege
20  the kind of direct, egregious conduct that can form the basis of an IIED claim in
21  the FEHA context.  He was not present to be physically attacked.  He wasn't
22  present to hear any slurs or offensive commentary.  His allegation that he
23  permanently lost his voice precludes the possibility that such communications
24  could have occurred over the telephone. (RJN, Ex. 2.) He was coordinating with
25  a third-party administrator to handle his leave, not any of the Defendants with
26  alleged animus toward him.  (Dkt. #13-3, ¶ 9.)

27         Defendants, of course, deny that Plaintiff experienced any discrimination
28  or retaliation, but even taking Plaintiff's allegations in the light most favorable to

                                          16
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

him, there is no possibility that Plaintiff can amend his Complaint to add specific conduct that is considered "extreme and outrageous." He would be lying. Plaintiff practically admitted as much by omitting any additional factual allegations from his Reply on the Motion to Remand and entirely failing to address Defendants' argument that he would be unable to amend to add facts supporting IIED due to being on leave and his duties under Rule 11. If Plaintiff had more allegations to make, he would have included them at that juncture in support of his Motion to Remand. The Court should take this as an admission that Plaintiff cannot truthfully assert new facts supporting his IIED claim. Leave to amend should be denied because Plaintiff's claims dispositively demonstrate that Plaintiff would be acting in bad faith by asserting new IIED facts and such amendment would be futile.

## V.    **CONCLUSION**

IIED is a high bar. It requires shocking behavior. The conduct must be so egregious that it is considered extreme and outrageous. Discrimination or retaliation alone is not enough. Even harassment with sexually explicit propositions—which is not even alleged here—would be insufficient. Those are violations of FEHA, but they are not IIED. Plaintiff had to allege more. He did not and he cannot.

Plaintiff's IIED claim fails as a matter of law due to a lack of actionable conduct alleged that meets the standard for extreme and outrageous behavior. It also fails because Plaintiff puts forth nothing more than a laundry list of generic symptoms to support his experience of "severe emotional distress." Plaintiff cannot save his IIED claim through amendment due to the plain circumstances of his leave and termination.

/ / /

/ / /

/ / /

17

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1    Therefore, Defendants request the Court dismiss Plaintiff's IIED claim

2    without leave to amend.

3

4                                     Respectfully submitted,

5    Dated:  October 24, 2023          RAINES FELDMAN LITTRELL LLP

6

7                                     By: */s/ Matthew Pate*
                                          Lauren J. Katunich
8                                         Matthew Pate
                                          Attorneys for Defendants
9                                         THE   LUBRIZOL   CORPORATION,
                                          KEVIN OAKLEY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS